UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

**MICHAEL KELLY,**

              **Plaintiff,**

**-vs-**                                            **Case No. 2:11-cv-407-FtM-29DNF**

**ROADSAFE TRAFFIC SYSTEMS, INC., a foreign profit corporation, TRUTWIN INDUSTRIES, INC. a Florida corporation,**

              **Defendants.**

___

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration on the parties' Joint Motion to Approve Settlement and Dismiss Case (Doc. 17) filed on November 28, 2011. The Plaintiff, Michael Kelly and the Defendant, Trutwin Industries, Inc.[1] are requesting that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim. To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), and 29 U.S.C. §216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-3. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The

___

[1] The Co-Defendant Roadsafe Traffic Systems, Inc. was dismissed by Order (Doc. 20) entered on December 1, 2011.

second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

The Plaintiff was employed as a crew leader for the Defendant. The Plaintiff was represented by counsel throughout this litigation. There are disputed issues of fact and law. The parties agreed to settle this case for $8,500.00. The Plaintiff will receive $2,500.00 in overtime wages, and $2,500.00 in liquidated damages. (See, Doc. 17-1, Settlement Agreement and Full and Final Mutual Release of All Claims, p. 3). The parties agreed to an award of attorney's fees and costs in the amount of $3,500.00. The parties stipulated to the reasonableness of the attorney's fees and costs.[2]

---

[2] In the Joint Motion to Approve Settlement and Dismiss Case (Doc. 17), the parties requested that the Court retain jurisdiction for 30 days to enforce the terms of the parties' settlement agreement. In response to the Order (Doc. 18) entered on November 30, 2011 in which the Court required the parties to provide justification for their request that the Court retain jurisdiction, the parties filed a Joint Memorandum (Doc. 21) withdrawing their request for the Court to retain jurisdiction.

**IT IS RESPECTFULLY RECOMMENDED:**

That the Joint Motion to Approve Settlement and Dismiss Case (Doc. 17) be granted and the Settlement Agreement and Full and Final Mutual Release of All Claims, (Doc. 17-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. The Court further recommends that if the District Court adopts this Report and Recommendation, then the Clerk be directed to dismiss this action with prejudice and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __8th__ day of December, 2011.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record